# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Alexandria Water Company *v.* National Surety Company, Appellant.

*Contract—Building contract—Payment—Engineer's estimate—Principal and surety.*

1. Where a building contract provides that payment to the contractor shall be made on the engineer's estimates, but no form of estimate is prescribed, a payment on an oral estimate, if made without fraud or collusion, is a proper one, and cannot be set up by.the contractor's surety as such a violation of the contract as will relieve the surety from liability.

2. A construction contract provided that on completion of the work, to the satisfaction of the owner's engineer, and before final payment of balance due, the contractors "shall give satisfactory evidence, if called for, that all bills and claims against the contractors that in any way might remain as a lien against the work, are fully paid and discharged." No inquiry was made by the owner prior to the final payment to the contractors about unpaid claims or liens. *Held*, that the surety of the contractor could not allege that such omission on the part of the owner was a breach of the contract which would relieve the surety from liability for the amount of a mechanic's lien which the owner had been compelled to pay.

3. In such a case the stipulation of the contract required the contractors to furnish satisfactory evidence of the payment of claims and liens, but it did not impose upon the owner the obligation to require satisfactory evidence of the absence of such claims and liens. The stipulation was for the protection of the owner, and as it was optional

with the owner to call for such evidence, failure to call for it was no violation of the agreement.

Argued April 22, 1909. Appeal, No. 118, Jan. T., 1909, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1904, No. 12, on verdict for plaintiff in case of Alexandria Water Company v. National Surety Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on a bond of suretyship. Before WOODS, P. J.

At the trial under the instruction of the court the jury returned a verdict for plaintiff for $14,520.64.

On a motion for judgment non obstante veredicto, WOODS, P. J., filed the following opinion:

William M. Powell & Company entered into a written contract with the Alexandria Water Company, to install a water system in the borough of Alexandria, of said county. Under the terms of said contract the said William M. Powell & Company agreed, inter alia, as follows:

"The said party of the second part agrees to execute to the said party of the first part bonds in amount equal to the amount of this contract for constructing a plant with said security for the faithful performance of this contract and indemnify the said party of the first part from loss, costs, or damages for or by reason of any liens, claims, or demands for material."

In pursuance to the provision contained in said agreement, the said William M. Powell & Company produced a bond executed by the National Surety Company, whereby the said National Surety Company became surety for the said William M. Powell & Company for the faithful execution of said water system.

Among the conditions of the said bond is the following:

"Now, if the above bounden principals shall, well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said principals, kept, done and performed at the

times and in the manner in said contract specified and shall pay over, make good and reimburse to the above named obligee (water company of Alexandria), all loss and damage which said obligee may sustain by reason of failure or default on the part of the said principals (William M. Powell & Company), then this obligation shall be void, otherwise shall remain in full force and effect."

Following the above condition of said bond there are certain things to be performed by the defendant in this case which read as follows:

"Recovery hereunder against the surety company shall be subject to the following conditions precedent:

" 1. The obligee shall perform the covenants performable by the obligee of the said contract.

" 2. The obligee shall immediately notify the surety by registered letter addressed to the surety at its principal offices in the city of New York, of any default in any manner as and when such default shall occur by the principals of any matter and thing performable by the principals specified in the said contract.

" 4. Any failure of the obligee to comply to the requirements of the said conditions precedent shall relieve this surety from all liability under this bond."

The water system was completed on or about December 1, 1903, and on or about January 16, 1904, the Alexandria Water Company was notified by the said American Car & Foundry Company that the said William M. Powell & Company had failed and neglected to pay for the cast iron pipe and specials which had been used by the said contractors in the construction of the said water system, and upon the said day the Alexandria Water Company, by its attorney, notified the defendant, the National Surety Company, of said default on the part of said William M. Powell & Company, and suit was brought to recover the costs of said pipe by the American Car & Foundry Company. The suit, American Car & Foundry Company v. The Alexandria Water Company and William M. Powell & Company, was tried and finally determined in favor of the American Car & Foundry Company and the Alex-

andria Water Company were compelled to pay to the said American Car & Foundry Company, the amount of said judgment.

This suit is now brought against the National Surety Company, the defendant, to recover the amount for which the Alexandria Water Company was compelled to pay and is founded upon the bond given by the National Surety Company to indemnify the said Alexandria Water Company against any default on the part of William M. Powell & Company. In the trial of the case, after the plaintiff had rested, the defendant by their attorneys asked the court to direct a compulsory nonsuit for the reasons at that time stated; the court then reserved its decisions and directed the defendant to proceed with its defense. At the close of the testimony the attorney for the defendant asked the court to direct a verdict for the defendant for the reasons assigned in the request for a compulsory nonsuit, which reads as follows:

1. Because the plaintiff has not exhibited such a case by its pleadings and evidence as entitles it to a recovery against the defendant.

2. The contract to which the bond in suit refers, and which by its terms is made a part thereof, and the performance of which on the part of the obligee is made a condition precedent to liability on the part of the defendant, or the right to recover thereon against the defendant, provides that monthly estimates be made upon which payment shall be made from time to time, less ten per cent, which estimates shall be made upon the first of the month, and the testimony on the part of the plaintiff shows affirmatively that no such estimates were made as was provided by the contract.

3. Because it appears by the testimony on the part of the plaintiff that no monthly estimates whatever were made except those made on October 10 and November 10. The portion of the contract here invoked, which prescribed the duty of the plaintiff respecting the estimates, is as follows (23 of specifications): "On the first of each month the engineer will estimate the quantity of work done during the month previous; 90 per cent of the work so estimated shall be paid for within

ten days. On the completion of the entire work the contractor shall be paid 90 per cent of the final estimate. One-half of the balance, or 5 per cent shall be retained until the work had been tested satisfactorily to the engineer and the remaining 5 per cent shall be retained for a period of four months as a guarantee that the contractor will repair any leaking joints or irregularities in the street surface that may develop after the work has been accepted. If the contractor shall fail to repair and make good any defects that may develop during that period, the Water Company reserves the right to use the money retained for that purpose."

4. Because it appears by the testimony of the plaintiff that no estimate whatever was made for work done in the month of November, and no estimate whatever was made for work thereafter done.

5. Because the alleged additional contract made after the completion of the work was in fact for work done under the contract, and is nowhere separated from the contract except by the averments in the plaintiff's pleadings or statement. That in fact that work was an extension of the work which is alleged to have been completed on November 30, 1903, and that it consisted substantially of an extension of pipe which had been previously laid. That it was arranged for in the early part of November, nearly a month before the time stipulated that the contract work was to be done; that the material which entered into the alleged new contract was blended with material under the contract proper; that the payments for it and for the contract proper were blended, that the credits were blended as appears both by the oral testimony and by the writings exhibited by the plaintiff. Furthermore that it entered into the lien, and constituted a part thereof, and there was single recovery for the items constituting the lien, part of which were upon the original contract and part of which were upon the alleged additional contract, and being a part of the contract proper, and differing in no essential from it and from other work done under it, it could only be contracted for upon the conditions and stipulations provided in the contract for additional work, or extension of the work under the contract,

none of which are either alleged or shown to have been complied with. The portion of the contract imposing upon the plaintiff its duties with respect to such additional work is as follows: "It is mutually agreed between the parties to this agreement that if any change, alteration or omissions or additions are made in the work during the progress of the work, and such changes, alterations, omissions or additions are ordered by the engineer in writing the same shall be made and performed by the parties of the second part, according to the prices agreed upon for that particular portion of the work on which the said parties of the second part may be engaged; or in the event that no price for additional work ordered by the engineer has been agreed upon, the same shall be performed by the said party of the second part at the price to be agreed upon before such extra work has been commenced."

6. Because the plaintiff company failed to retain the ten per cent as provided by the contract upon estimate made in making the final payment, and also failed to comply with the other provisions of the contract relating thereto.

7. For the reason that it appeared by the testimony of the plaintiff's treasurer that no inquiry whatever was made as to the existence of liens against the property, or whether or not there has been any default in any of the stipulations, prior to the time that final payment was made, was a failure of duty upon the part of the plaintiff in its relation to the defendant as surety both by reason of that relation and also by reason of what appears in the fourth paragraph of the contract of September 8, 1903, which by the terms of the bond is made part of the bond, to wit:

"4. It is understood and agreed that when the work contemplated in this agreement shall have been performed agreeably to the specifications and to the satisfaction of the engineer and before final payment shall have been made, the parties of the second part shall give satisfactory evidence, if called for, that all bills and claims against the said parties of the second part that in any way might remain as a lien against the work, are fully paid and discharged."

The first reason is to the effect that the plaintiff has not

exhibited such a case by its pleadings and evidence as entitles it to a recovery against the defendant. This reason will be considered in connection with the other reasons.

The second, third and fourth have reference to the performing of certain conditions on the part of the Alexandria Water Company, as contained in the agreement between William M. Powell & Company and the Alexandria Water Company in the construction of the said water system, with special reference to that part of the agreement which provides that monthly estimates be made upon which payments shall be made from time to time. It is provided that these estimates shall be made by the engineer and shall be paid for within ten days. The evidence shows that these payments were made on October and November upon written estimates from the engineer. Mr. Phillips further testifies that he made the last payment on a settlement with Mr. York, the engineer. The contract does not say that these estimates must be in writing, but that the estimates must be by the engineer. We are satisfied that this was a substantial compliance with the condition of the contract, and therefore these reasons are overruled.

The fifth partakes of the alleged additional contract made after the completion of the work, and it is claimed by the defendant that this contract is nowhere separated from the alleged contract except by the averments in the plaintiff's pleading or statement. Under the original contract all additions to the work were to be under the supervision of the engineer. The evidence in this case shows that Mr. Phillips entered into a new and separate contract with William M. Powell & Company to run a short pipe line to the Pennsylvania railroad station, and the evidence further shows that this contract was made entirely independent of the engineer who had charge of the original contract; the prices paid for the pipe were different, and the evidence shows that it was done for other considerations. We do not think that the Alexandria Water Company violated the provisions of the original contract in this particular.

We do not think that the sixth reason is sustained by the evidence.

The seventh and last reason has reference to the following claims in said original agreement:

"It is understood and agreed that when the work contemplated in this agreement shall have been performed agreeably to the specifications and to the satisfaction of the engineer and before final payment shall have been made the parties of the second part shall give satisfactory evidence, if called for, that all bills and claims against the said party of the second part that in any way might remain as a lien against the work, are fully paid and discharged." And it is claimed by the defendant that because the Alexandria Water Company, the plaintiff, did not demand evidence of the payment of all bills and claims against the contractor before the final settlement with them that there was a breach of a contract and, therefore, the surety is discharged. Under this clause of the contract it does not provide that it was necessary for such a call for said evidence of payment of bills, but it provides that the contractors shall, if called for, give such satisfactory evidence.

This original contract is made a part of the bond upon which suit is brought in this case, and the fact that the Alexandria Water Company did not call for such evidence does not relieve the defendant because that is one of the risks assumed by the defendant when it became surety. They had it in their power to call for these satisfactory evidences of payment if they saw fit, and they cannot now escape liability because the plaintiff in this suit failed to call for such satisfactory evidences of payment. The position taken by the defendant is that these conditions precedent were to be fully and literally complied with on the part of the plaintiff in this suit.

In all the positions taken by the defendant there is no contention that the surety was in any way prejudiced or injured, but claimed that there having been, as it contends, a noncompliance with the strict interpretation of the contract, that it is, therefore, relieved of any liability. While the rule of law is that where a party secured, does some act which changes the position of the surety to his injury or prejudice, the surety is no longer bound, yet that act must be to the detriment of the surety. When the act of the obligee is a breach of the con-

tract it must be to the prejudice of the surety company before it can be relieved. "If there was change in the contract that would affect the surety or increase his liability he would be discharged:" Miller v. Eccles, 155 Pa. 36. It has been held in Holme v. Brunskill, L. R. 3 Q. B. Div. 495: "Whenever it is self-evident that the alteration or departure is neither a substantial one nor one that can be prejudicial to the surety, it is regarded as an immaterial one."

The defendant company became surety for William M. Powell & Company to indemnify the Alexandria Water Company against any default on the part of the contract, and unless the Alexandria Water Company was guilty of nonperformance of the contract so as to increase the risks of the National Surety Company, the defendant, it would not be relieved.

We have given this case a great deal of thought and have reached the conclusion that there has been no material or substantial variations from the original contract on the part of the Alexandria Water Company and that the defendant has not been prejudiced by any behavior on the part of the plaintiff in connection with the contractors under the original contract and that nothing has been shown by which the defendant can be discharged from liability.

The defendant is a compensated surety company having for its object, "The guaranteeing of the fidelity of persons holding places of public or private trusts. Guaranteeing the performances of contracts other than insurance policies and executing or guaranteeing bonds and undertakings required or permitted in all acceptances or proceedings or by law allowed." The very loss which the plaintiff in this action sustained arose by reason of William M. Powell & Company failing to pay for material which they purchased from the American Car & Foundry Company and for which a judgment was obtained on a mechanic's lien through the courts, and this is one of the very conditions in the contract and for which the defendant in this case became surety for William M. Powell & Company; and for which they indemnified the Alexandria Water Company. To be sure the water company had certain duties to perform, but we fail to find in all the evidence any material or

substantial variation from the contract, between the water company and William M. Powell & Company, on the part of the plaintiff in this action; they had reason to rely upon the National Surety Company for protection. If the water company deviated from the original contract it in no way worked an injury or prejudiced the surety. To our mind the water company did everything, under the contract, to protect the defendant in this case.

### DECREE.

And now, March 10, 1909, the motion and reasons for a compulsory nonsuit are overruled, and the motion and reasons for a judgment for the defendant, are refused and overruled, to which the defendant excepts and bill sealed.

*Error assigned* was in entering judgment on the verdict.

*John D. Dorris* and *Thomas H. Murray*, for appellant.— The violations of the contract, even if they would appear to be immaterial, relieved the surety, and entitled it to binding instructions, as requested under this evidence: Miller v. Stewart, 22 U. S. 680; Bessemer Coke Co. v. Gleason, 223 Pa. 84; Smith v. U. S., 69 U. S. 219; Bensinger v. Wren, 100 Pa. 500; Nesbitt v. Turner, 155 Pa. 429; Austin Mfg. Co. v. Duerr, 19 Pa. Superior Ct. 560; Bauschard v. F. & C. Co., 21 Pa. Superior Ct. 370; National Surety Co. v. Long, 125 Fed. Repr. 887; Mc-Micken v. Webb, 47 U. S. 292; Giddings v. Ins. Co., 102 U. S. 108; Rice v. Fidelity, etc., Co., 103 Fed. Repr. 427; Jeffries v. Ins. Co., 89 U. S. 47; Ætna Life Ins. Co. v. France, 91 U. S. 510; Lawhon v. Toors, 84 S. W. Repr. 636.

The payments without estimate was such a violation of the condition of the bond as relieved the surety: Fidelity & Dep. Co. v. Agnew, 152 Fed. Repr. 955; Lawhon v. Toors, 84 S. W. Repr. 636; Nat. Surety Co. v. Long, 96 S. W. Repr. 745; Bell v. Paul, 35 Neb. 240 (52 N. W. Repr. 1110).

The alleged separate contract was for work which was obviously an extension of a pipe already laid by the seventh paragraph of the contract.

The failure to make any inquiry whatever as to existence of

claims or liens before final payment was a violation of the fourth paragraph of the contract and of the condition of the bond and released the surety: Lichtenthaler v. Thompson, 13 S. & R. 157; Everly v. Rice, 20 Pa. 297; Fegley v. McDonald, 89 Pa. 128; Commercial Nat. Bank v. Henninger, 105 Pa. 496; Bank v. Concord, 15 N. H. 119.

*Samuel I. Spyker* and *Thos. F. Bailey*, for appellee.—We submit that there is no ground for the contention on the part of the appellant that there was any breach of the terms of the contract with reference to the estimates therein provided for: Finney v. Condon, 86 Ill. 78.

In an action on a fidelity bond, the burden is upon defendant to prove breach of the conditions of the bond, and not on plaintiff to prove compliance therewith: Sinclair & Co. v. National Surety Co., 107 N. W. Repr. 184; Jones v. Mutual Acc. Assn., 92 Iowa, 652 (61 N. W. Repr. 485).

A material alteration of a contract without the consent of the sureties, will discharge them, but the addition of a separate and independent agreement which does not, expressly or by fair implication, alter the terms of the preceding contract, or affect the rights and duties thereunder, will not so operate: Barclay v. Deckerhoof, 151 Pa. 374.

The defendant takes the position that any variance, however minute, from the strict letter of this contract, discharges the surety. We argue in reply, that that is not the law in this country: National Surety Co. v. Long, 125 Fed. Repr. 887; Nesbitt v. Turner, 155 Pa. 429; Austin Mfg. Co. v. Duerr, 19 Pa. Superior Ct. 560; Bauschard Co. v. F. & C. Co., 21 Pa. Superior Ct. 370; Ryan v. Norton, 65 Texas, 258; Simonson v. Grant, 36 Minn. 439 (31 N. W. Repr. 861); Miller v. Stewart, 22 U. S. 680; United States v. Freel, 92 Fed. Repr. 299.

In the case of an immaterial departure from the strict terms of the contract by the obligee, the surety is not discharged unless his liability is enlarged thereby: New Haven v. National Steam Economizer Co., 79 Conn. 482 (65 Atl. Repr. 959); Miller v. Eccles, 155 Pa. 36; Fitzpatrick v. McAndrews, 2 Pa. Dist. Rep. 713; County of Glenn v. Jones, 146 Cal. 518 (80 Pac.

Repr. 695); White v. Life Assn. of America, 63 Ala. 419; People v. Powers, 108 Mich. 339 (66 S. W. Repr. 215); Martin v. Whites, 106 S. W. Repr. 608; Ætna National Bank v. Hollister, 55 Conn. 188 (10 Atl. Repr. 550); Palmer v. Bagg, 56 N. Y. 523; Taylor v. Matteson, 86 Wis. 113 (56 N. W. Repr. 829); Smith v. Molleson, 148 N. Y. 241 (42 N. E. Repr. 669); American Surety Co. v. Pauly, 170 U. S. 133; American Bonding & Trust Co. v. Burke, 36 Colo. 49 (85 Pac. Repr. 692); U. S. Fidelity & Guaranty Co. v. Bank, 233 Ill. 475 (84 N. E. Repr. 670); Guaranty Co. v. Pressed Brick Co., 191 U. S. 416; Surety Co. v. Loan & Trust Co., 98 S. W. Repr. 387; Sinclair & Company v. Surety Company, 107 N. W. Repr. 184; Shreffler v. Nadelhoffer, 133 Ill. 536 (25 N. E. Repr. 630); Alfree v. Gates, 82 Iowa, 19 (47 N. W. Repr. 993); Powers v. Clark, 127 N. Y. 417 (28 N. E. Repr. 402).

OPINION BY MR. JUSTICE MESTREZAT, May 17, 1909:

We need not restate in detail the facts of this case, as the learned trial judge has correctly found and fully stated them in the exhaustive opinion he filed in refusing judgment for the defendant. We think the court below was right in directing a verdict for the plaintiff and, subsequently, in refusing to enter judgment for the defendant.

There is but a single question in the case and that is whether the plaintiff, the Alexandria Water Company, deviated or departed from its contract with William M. Powell & Company, the contractors, so as to release the defendant, the National Surety Company, from the obligations of its contract. Powell & Company entered into a written agreement with the Alexandria Water Company in September, 1903, to construct a gravity water system for the borough of Alexandria, Huntingdon county. One of the provisions of the agreement required the contractors to furnish a bond with security for the faithful performance of the contract and for indemnifying the water company against loss, costs or damages for or by reason of any liens, claims or demands for material, etc. In compliance with this stipulation of the contract, Powell & Company delivered a bond to the water company with the

National Surety Company, the defendant, as surety thereon. Recovery on this bond against the surety was made subject to certain conditions precedent, and the defense in this action which is on the bond is that the water company did not comply with some of these conditions, thereby relieving the surety company from its obligation. The American Car & Foundry Company furnished certain material to the contractors for which they filed a mechanic's lien which was prosecuted to judgment, and the water company was compelled to pay it. The plaintiff is seeking in this action to recover on the bond what it was compelled to pay on the judgment.

The first reason assigned in support of the defense is that the water company made payments to the contractors without any estimate from the engineer as provided in the contract, which required the engineer on the first of each month to make an estimate of the quantity of work done during the month previous. Payments were to be made within ten days after the estimate. Phillips, the treasurer of the water company, testifies that he paid on two estimates, one on October 10, 1903, for the work done in September, and one on November 10, 1903, for the October work. He testifies, and there is nothing in contradiction of his testimony, that the work was completed in strict compliance with the contract on November 30, 1903. The complaint of the defendant is that the engineer made no estimate for the November work. It will be observed that the contract did not require the estimate to be in writing or in any specific form. The total balance unpaid on the contract at the completion of the work was payable by its terms on or before December 10, 1903, except five per cent which was to be held "until the work was tested satisfactorily to the engineer," and also five per cent which was to be retained as a guaranty that the contractors would repair any imperfections in the work. The water system was completed to the satisfaction of the water company within the time provided in the agreement, and hence the company was relieved from the necessity of retaining five per cent of the final estimate until the work was tested. It seems from the evidence that there was some difficulty in determining the balance due

on the contract, but it was finally adjusted between the parties. Part of this balance was paid December 4, and the residue on December 11, 1903. It appears that the engineer had made some mistakes, and as soon as they were corrected the balance due on the contract was paid. Mr. Phillips testified: "I change the word to addition instead of modifications. Q. Then you made certain additions to the estimate furnished by the engineer, and settled on that basis, made the final payment? A. We did." This settlement was made by the treasurer of the water company with a representative of Powell & Company, the contractors, and a check was given to the order of the contractors for the balance found to be due on the contract. While Mr. Phillips calls this a final statement and not an estimate yet it is apparent, from his own testimony, that the settlement was made on an estimate of the engineer. In fact, we are at a loss to see how the balance due could have been otherwise ascertained. Under the terms of the contract, a simple oral declaration by the engineer as to the amount due would have been an "estimate," and this manifestly was furnished to the representatives of the water company and the contractors. The balance as shown by this estimate would have been paid at once on the completion of the contract had not an error been discovered in the engineer's estimate, the correction of which required a few days' delay. Had the water company paid to the contractors on December 1, what the engineer regarded as the balance due, we apprehend that the defendant in this action could not have successfully invoked as a defense the failure of the engineer to have made a formal estimate of the amount due for November. The contention here has no better basis to support it. There is no allegation of fraud or collusion between the water company and the contractors concerning any matter arising out of the contract. Nor is there any allegation that the water company did not pay Powell & Company the balance in full due on the contract. It is not claimed that the surety company was prejudiced or injured by any act of commission or omission on the part of the Alexandria Water Company. We think the plaintiff complied with its agreement with the contractors in

securing estimates from its engineer, and that, therefore, there was no breach of this covenant which will avail the defendant in this suit.

There is no merit in the contention of the defendant that the work was not completed on November 30, 1903, as required in the agreement. The only witness testifying on the subject says that it was completed on that date. He was the treasurer of the water company, paid the money due the contractors, and it was his duty to know when the work was finished. There was another contract between the water company and the contractors for some additional work, the laying of a pipe to carry the water to the Pennsylvania Railroad station. The only evidence on the question conclusively shows that this contract was separate and distinct from the written contract between the parties, that it was made without the knowledge of the water company's engineer and that he had nothing to do with or control over the work to be done under it. The loss sought to be recovered in this action does not arise out of that contract. The American Car & Foundry Company's claim which the plaintiff paid and which it seeks to recover here was not for work done and materials furnished in pursuance of the supplemental or additional contract.

It is provided in the construction contract that on completion of the work to the satisfaction of the water company's engineer and before final payment of the balance due, the contractors "shall give satisfactory evidence, if called for, that all bills and claims against the said party of the second part that in any way might remain as a lien against the work are fully paid and discharged." No inquiry was made by the water company prior to the final payment to the contractors about unpaid claims or liens, and it is contended by the defendant that this was a breach of the contract which relieves the surety company from liability in this action. It will be observed that the bond given by the defendant was to protect the plaintiff, inter alia, from loss by reason of such claims and liens. If, therefore, the defendant's contention is sustained the very purpose of the bond is nullified and the plaintiff is in the same position as though no bond had been given. The defendant

should make out a very strong case and show conclusively that its interpretation of the contract is correct before a court should give a construction to the agreement which would result in such consequences. The position taken by the defendant practically relieves it from all liability upon the bond and makes the plaintiff become its own surety for claims and liens which it was compelled to pay by reason of the default of the contractors. The condition precedent with which the plaintiff was required to comply before it could maintain an action on the bond against the surety was that it should observe the terms of its contract with the contractors. The stipulation of the agreement just quoted requires the contractors to furnish satisfactory evidence of the payment of claims and liens, but it does not impose upon the water company the obligation to require satisfactory evidence of the absence of such claims and liens. The stipulation was for the protection of the water company and is a covenant on the part of the contractors that they would furnish information if called for. It was optional with the water company whether it should call for the evidence of payment and discharge of claims and liens, and, therefore, the failure to call for such evidence was no violation of the agreement. It may well be, and presumably is, the fact that the water company had evidence satisfactory to itself that all bills and claims against the contractors were paid when it made the final payment due under the contract. Though the evidence was satisfactory to it, the company was evidently misinformed or misled, as it was subsequently compelled to pay a claim which was a lien against its property. The very purpose of the bond in suit was to protect it against such loss. It was liable to err in its judgment or in its action with the contractors, and to sustain a loss by their noncompliance with the agreement, and the purpose of requiring the bond was to protect it from loss caused by any default of the contractors which was not attributable to its own violation of duty to the surety company. If the contract required the water company to be absolutely certain of the discharge of all claims and liens prior to making the final payment due on the contract, as a condition precedent to a recovery on the bond, there was no

reason or necessity for the company requiring a bond at all. The construction placed upon this stipulation of the contract by the defendant deprives the plaintiff of the protection which it was manifestly the purpose of the bond to afford.

The judgment of the court below is affirmed.